LAW OFFICE OF SANDRA D. PARKER
110 East 59th Street, Suite 3200
New York, NY 10022
(212) 317-2883
Sandra D. Parker
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ARABIA JENNINGS

|  |  |
|---|---|
| Plaintiff, | COMPLAINT AND JURY DEMAND |
| -against- | 22 CV 1885 |
| CITY OF NEW YORK, POLICE DEPARTMENT OF THE CITY OF NEW YORK, and EDWARD WINSKI Individually and in His Official Capacity, | |
| Defendants. | |

-------------------------------------------------------------------x

        Plaintiff, Arabia Jennings, for her Complaint against the Defendants, respectfully

alleges as follows:

                              JURISDICTION AND VENUE

        1.        This is an action for declaratory judgment, injunctive relief and damages

instituted against the Defendants, for unlawful employment practices and employment

discrimination, for subjecting Plaintiff to a hostile work environment, and for retaliation

based on Plaintiff's race and gender, in violation of the Civil Rights Act of 1964 (as

amended), 42 U.S.C. §§ 2000e *et seq*. (Title VII), the New York State Human Rights Law,

1

NY Exec. L. §§ 290 *et seq*., (NYSHRL), and the New York City Human Rights Law, NYC

Admin.  Code §§ 8-101 *et seq*., (NYCHRL) and to redress the deprivation of Plaintiff's

rights, privileges and immunities secured by the Fourteenth Amendment of the United

States Constitution, pursuant to the Civil Rights Act of 1866 (as amended), and in violation

of the Civil Rights Act of 1871 (as amended), 42 U.S.C. § 1983.

2.      Jurisdiction over the subject matter of this Complaint is conferred on this

Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  This Court's pendent

jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a). Plaintiff further invokes this

Court's jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      The venue of this action is properly placed in the Southern District of New

York, pursuant to 28 U.S.C. § 1391(b), and 42 U.S.C. § 2000e-5(f).

4.      Plaintiff has satisfied the procedural requirements of Title VII, prior to

commencement of this action.

5.      On or about September 18, 2019 Plaintiff filed charges with the Equal

Employment Opportunity Commission (EEOC), alleging that Defendants subjected her to

discriminatory treatment, in the terms and conditions of employment, based on her race and

gender and retaliated against her.  Plaintiff further complained that Defendants created and

maintained a hostile environment, in which they forced Plaintiff to work.

6.      Plaintiff commenced this action within ninety (90) days of her receipt of the

EEOC Notice of Right to Sue.

PARTIES

7.      Plaintiff Arabia Jennings is a female African-American.

8.      Upon information and belief at all times relevant herein, Defendant City of New York was and is a  municipal corporation with offices located at One Centre Street, New York, New York.

9.      Upon information and belief, at all times relevant herein, Defendant Police Department of the City of New York was and is an agency of Defendant City of New York with offices located at One Police Plaza, New York, New York.

10.     At all times relevant herein, Plaintiff was an employee of Defendants City of New York and the Police Department of the City of New York (NYPD), and said Defendants were Plaintiff's employers, within the meaning of 42 U.S.C. § 2000e(b), the NYSHRL and the NYCHRL.

11.     Defendant Edward Winski is a Caucasian male.

12.     Upon information and belief, at all times relevant herein, Defendant Edward Winski (Winski) was and continues to be employed with the Defendants.

13.     Beginning in or about April 2018, Defendant Winski became the head of the Candidate Assessment Division of the NYPD Commissioner's Office of Personnel Bureau.

14.     As head of the Candidate Assessment Division, Defendant Winski has the authority to determine the terms and working conditions of employees working in the Division, including the various sections and units of the Division.

15.     As head of the Candidate Assessment Division, Defendant Winski makes the final decision regarding assignment, reassignment, promotion and pay raises of employees working  in the Division, including the various sections and units within the Division.

16.     Defendants City of New York and the NYPD are sued for violating of Title VII, the NYSHRL and the NYCHRL.

17.     Defendant Winski is sued in his individual capacity for depriving Plaintiff of her civil rights, under color of state law, in violation of 42 U.S.C. §. 1983, and for violation of the NYSHRL and the NYCHRL.

18.     Defendant Edward Winski is sued in his official capacity for violation of the NYSHRL and the NYCHRL.

<u>FACTS</u>

19.     The Plaintiff Arabia Jennings is employed by the Defendants City of New York and the NYPD and continues to be employed by the Defendants.

20.     Plaintiff earned a Bachelor of Science Degree from the Virginia State University School of Business.

21.     She also holds a Masters in Public Administration, which she earned from the Marist College School of Management.

22.     Plaintiff has been employed with the City of New York since in or about January 2003.

23.     Plaintiff has performed her duties while employed by the Defendants in an

exemplary manner.

24.     From in or about January 2003 until in or about July 2009, Plaintiff worked in the NYPD, as a Communications Technician.

25.     From in or about July 2009 to in or about August 2014 Plaintiff worked for the Department of Corrections.

26.     Beginning in or about August 2014 Plaintiff returned to working for the NYPD, as an Associate Staff Analyst, and was assigned to the Civil Hiring Unit of NYPD's Staffing Administration Section.

27.     The position of Associate Staff Analyst is a civil service position for which Plaintiff took and passed a civil service examination.

28.     In or about 2015 Plaintiff took and passed the promotional civil service examination for the position of Administrative Staff Analyst.

29.      Plaintiff continued working in the Civil Hiring Unit of NYPD's Staffing Administration Section until in or about November 2016.

30.     In or about November 2016, Plaintiff began working as an Administrative Staff Analyst in the Traffic Enforcement District/Administration of the NYPD.

31.     Thereafter, Plaintiff worked as an Administrative Staff Analyst in the Priority Civilian Hiring Task Force of the NYPD's Commissioner's Office until in or about October 2017.

32.     In or about October 2017, Plaintiff began working in the  Candidate

Assessment Division of the NYPD Commissioner's Office of Personnel Bureau.

33.     The Candidate Assessment Division reviews and processes the applications of civil service candidates, for employment with the NYPD.

34.     When Plaintiff began working in the Candidate Assessment Division, Lori Pollock was the head of the Division.

35.     As the head of the Division, Lori Pollock oversaw all work conducted and performed by employees of the Candidate Assessment Division.

36.     As the head of the Division, Lori Pollock made the final decision regarding assignment, reassignment and promotion of employees working  in the Division, including the various sections and units within the Division.

37.     Character Assessment and Human Resources are two sections within the Candidate Assessment Division.

38.     In or about October 2017, Plaintiff was assigned to work in the Human Resources Section of the Division.

39.     When Plaintiff began working in the Human Resources Section it was headed by Carol Ann Roberson.  At that time, Carol Ann Roberson held the position of Assistant Commissioner.

40.     In or about November 2017, with the consent and approval of Lori Pollock, Plaintiff was appointed supervisor of the Civil Litigation Unit.  The Civil Litigation Unit is a unit within the Human Resources Section of the Candidate Assessment Division.

41.     Beginning in or about November 2017, Plaintiff supervised the entire Civil Litigation Unit.  Plaintiff supervised and oversaw a staff of approximately nine employees.

42.     Plaintiff continued in her position as supervisor of the Civil Litigation Unit, continued to work in the Candidate Assessment Division, and continued to work in the NYPD until in or about August 2018, when Defendant Winski stripped her of her supervisory duties, and involuntarily transferred out of the NYPD.

43.     The Civil Litigation Unit is responsible for reviewing the recommendations made by the Character Assessment Section, to disqualify civil service candidates for employment with the NYPD.

44.     The Civil Litigation Unit also is responsible for reviewing recommendations to reject qualified candidates for employment with the NYPD.

45.     During Plaintiff's tenure as head of the Civil Litigation Unit, a disproportionate number of African-American and Latino candidates were being disqualified from employment with the NYPD.

46.     During Plaintiff's tenure as head of the Civil Litigation Unit, she discovered that a disproportionate number of qualified African-American and Latino candidates were denied employment with the NYPD.

47.     Plaintiff's review of the cases indicated a biased investigative process that was being utilized within the Candidate Assessment Division.

48.     Plaintiff review also indicated that proper procedure was not being followed

to timely alert the African-American and Latino candidates about the NYPD's decision, regarding their disqualification or non-selection.

49.     Timely notification was required to permit the rejected candidates to contest the decision, before expiration of the examination list on which they appeared.

50.     The failure to follow the proper procedure with regard to these candidates disproportionately impacted African-American and Latino candidates.

51.     During her tenure as head of the Civil Litigation Unit, Plaintiff took steps and attempted to take steps, to address these issues, which she believed were discriminatory.

52.     During her tenure as head of the Civil Litigation Unit, Plaintiff also complained to Defendants and attended meetings where she raised the foregoing issues and the proposed steps she was attempting to take to address them.

53.     Among the persons to whom Plaintiff complained was Defendant Winski, when he became head of the Candidate Assessment Division.

54.     In or about April 2018, Defendant Winski replaced Lori Pollock as head of the Candidate Assessment Division.

55.     The Defendants, including Defendant Winski failed to take steps to address the Plaintiff's concerns.

56.     The Plaintiff's efforts to address these issues were met with resistance and hostility by Defendants and in particular Defendant Winski along with other management personnel at NYPD.

57.     The Defendants, including Defendant Winski and others in NYPD management, created a false and negative narrative regarding Plaintiff's competence and abilities to among other things, punish Plaintiff and discredit her efforts and attempts to resolve the discrimination she found in the operation of the Candidate Assessment Division.

58.     Defendants' discriminatory conduct, including retaliation against Plaintiff began in or about August 2018 and has continued unabated.

59.     Defendants' discriminatory conduct, including retaliation against Plaintiff has continued unabated despite Plaintiff's numerous complaints to Defendants about their conduct.

60.     In or about August 2018, approximately three months after replacing Lori Pollock as head of the Candidate Assessment Division, Defendant Edward Winski, working with others in NYPD management, stripped Plaintiff of her supervisory duties, removed her from her position as supervisor of the Civil Litigation Unit, involuntarily transferred Plaintiff out of the Civil Assessment Division, and replaced her with a Caucasian male, whom Edward Winski required her to train.

61.     In or about August 2018, Defendant Winski, working with others in NYPD management, involuntarily transferred Plaintiff out of the NYPD to another agency of the City of New York.  Defendant Winski, working with others in NYPD management, involuntarily transferred Plaintiff to the New York City Department of Administrative Services, where Plaintiff had never worked.

62.     Plaintiff's performance as supervisor of the Civil Litigation Unit was exemplary.  Defendants gave Plaintiff the highest rating available on the performance review, which rated her performance as supervisor of the Civil Litigation Unit.

63.     Despite the fact that Plaintiff's performance was exemplary, Defendant Winski, working with others in NYPD management, stripped Plaintiff of her supervisory duties, transferred her out of the Candidate Assessment Division, and replaced her with a Caucasian male.

64.     Thereafter, as head of the Candidate Assessment Division, Defendant Winski, working with others in NYPD management, continued to involuntarily transfer, reassign and shift Plaintiff from one assignment, unit or section to the another.

65.     In addition to involuntarily transferring, reassigning and shifting Plaintiff from one assignment, unit or section to another, Defendant Winski, working with others in NYPD management,  stripped Plaintiff of the managerial duties associated with her position of Administrative Staff Analyst.

66.     Defendants and in particular Defendant Winski, working with others in NYPD management, stripped Plaintiff of her supervisory duties, and assigned her non-managerial tasks such as performing clerical duties.

67.     Defendant Winski also denied Plaintiff the opportunity to obtain additional training, despite the fact that Carol Ann Roberson, the head of the Human Resources Section in which Plaintiff worked had approved her training request.

68.     Approximately one month after the first transfer, in or about September 2018, Plaintiff returned to the Candidate Assessment Division, where Defendant Winski had her floating around for approximately two weeks, without any defined role and assignment.

69.     Defendants and in particular Defendant Winski, working with others in NYPD management, then transferred Plaintiff to the Psychological Assessment Section of the Candidate Assessment Division, at the end of September 2018.

70.     While assigned to work in the Psychological Assessment Section of the Division, Defendants assigned Plaintiff to work in an office that was being used as a storage closet, was infested with mold, rodents and rodent droppings.

71.     While assigned to work in the mold infested,  rodent infested storage closet, Defendants assigned Plaintiff non-managerial tasks of logging and typing data on an Excel spreadsheet, lifting heavy boxes and lifting files.

72.     When Plaintiff complained about this new round of discriminatory treatment, the Defendants dismissed Plaintiff's complaints, upon information and belief, stated that they were considering shooting her, and then engaged in further acts of discrimination and retaliation.

73.     Plaintiff's complaint to the Defendants' internal EEO Office also was dismissed and not addressed.

74.     As a consequence of being forced to work in rodent infested office, Plaintiff developed medical problems, including a respiratory ailment, wrist and hand injuries for

which she sought treatment, and for which she continues to receive treatment.

75.    In or about January 2019, Plaintiff applied for an accommodation for these medical issues.  Defendants denied her request for an accommodation.

76.    In or about April 2019, Plaintiff was again transferred and reassigned.

77.    This transfer resulted with Plaintiff being reassigned to work in administrative office of Defendant Winski.

78.    Plaintiff's duties during this assignment was to perform data entry function for approximately twenty minutes per day.

79.    Within the NYPD there are two categories of employees, uniformed and civilian employees. There are corresponding uniformed titles for the uniformed employees and corresponding civilian titles for the civilian employees.

80.    The title and position of an Administrative Staff Analyst is a civilian title and position.  The civilian title and position of Administrative Staff Analyst is equivalent to the title, position, rank and prestige of the title of Captain, within the uniformed ranks of the NYPD.

81.    The Administrative Staff Analyst position is a managerial class position.  The duties and responsibilities of an Administrative Staff Analyst include planning and managing the activities of one or more units or other subdivisions, serving as the deputy to the head of a division or unit of professionals and other staff performing personnel administration work, and supervising professionals and other staff engaged in personnel

administration activities.

82.     The Administrative Staff Analyst also is granted latitude and discretion to engage in independent initiative, and make independent judgement and decisions.

83.     Beginning in or about August 2018 and continuing to the present, Defendants and in particular Defendant Winski, working with others in NYPD management,  stripped and continue to strip Plaintiff of the managerial duties and responsibilities of an Administrative Staff Analyst.

84.     On or about September 18, 2019 Plaintiff filed with the EEO her charge of discrimination, retaliation and hostile work environment against Defendants.

85.     Defendants were aware and have been aware that on or about September 18, 2019, Plaintiff filed her charge with the EEOC.

86.     From in or about March 2020 until in or about August 2020 Plaintiff worked remotely, performing the clerical function of calling employees on sick leave, to ascertain when they would return to work, and obtaining information regarding their testing and Covid diagnosis.

87.     In or about August 10, 2020 when Plaintiff returned to work, Defendants assigned Plaintiff to the Human Resources Section of the Candidate Assessment Division, where she reported to Lieutenant Michael Vitalo, the Caucasian male she trained to replace her as head of the Civil Litigation Unit, in or about August 2018.

88.     Plaintiff reported to and was supervised by Lieutenant Michael Vitalo, whom

Defendant Winski chose to replace her as supervisor of the Civil Litigation Unit in or about August 2018.

89.     The uniformed title and position of Lieutenant is lower than the uniformed title of Captain, and is below the civilian title Plaintiff held of Administrative Staff Analyst.

90.     In or about August 10, 2020 Defendants and in particular Winski required Plaintiff to report to a Caucasian male, holding a rank, position and title below Plaintiff.

91.     During her reassignment to the Civil Litigation Unit, Plaintiff was not assigned any duties to perform nor was she given any responsibilities.

92.     A few weeks after Plaintiff's reassignment to the Civil Litigation Unit,  in or about August 2020, Defendants reassigned Plaintiff to what was formerly known as the Civil Hiring Unit of NYPD's Staffing Administration Section.

93.     In or about 2014 when Plaintiff held the lower title of Associate Staff Analyst, Plaintiff worked in this same unit.

94.     As a result of this transfer and reassignment, Plaintiff now performs the same duties she performed at the lower Associate Staff Analyst in 2014, instead of the managerial duties and responsibilities associated with her present title of Administrative Staff Analyst.

95.     Defendants and in particular Defendant Winski, along with others in NYPD management, did not subject non-African American and/or non-female Administrative Staff Analysts to the treatment to which they subjected and continue to subject Plaintiff.

96.     Defendants and in particular Defendant Winski, along with others in NYPD management, subjected and continue to subject Plaintiff to the treatment set forth herein because of their discriminatory animus directed against Plaintiff because of her race and gender, in retaliation for her numerous complaints of discrimination, and in retaliation for her efforts to address the discriminatory practices in the Candidate Assessment Division.

97.     The treatment to which Defendants subjected and continue to subject Plaintiff, has among other things, marginalized Plaintiff, deprived her of the opportunities for career development, deprived her of the opportunity for career advancement, deprived her of promotions and deprived her of pay raises.

COUNT I

98.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 97 of this Complaint, with the same force and effect as if set forth herein.

99.     Defendants City of New York and the NYPD discriminated against Plaintiff in the terms and conditions of her employment, subjected her to disparate treatment on the basis on her race, forced Plaintiff to work in a hostile environment, and retaliated against Plaintiff, in violation of 42 U.S.C. §§ 2000e *et seq*.

100.    As a proximate result of Defendants' racial discrimination, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, career advancement, and other employment benefits.

101.    As a proximate result of Defendants' racial discrimination, Plaintiff has

15

suffered and continues to suffer impairment and damage to her good name and reputation.

102.    As a proximate result of Defendants' racial discrimination, Plaintiff has suffered and continues to suffer severe lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

103.    The conduct of the Defendants was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

<u>COUNT II</u>

104.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 97 of this Complaint, with the same force and effect as if set forth herein.

105.    Defendants City of New York and the NYPD discriminated against Plaintiff in the terms and conditions of her employment, subjected her to disparate treatment on the basis of her gender, forced Plaintiff to work in a hostile environment, and retaliated against Plaintiff, in violation of 42 U.S.C. §§ 2000e *et seq*.

106.    As a proximate result of Defendants' gender based discrimination, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, career advancement, and other employment benefits.

107.    As a proximate result of Defendants' gender based discrimination, Plaintiff has suffered and continues to suffer impairment and damage to her good name and reputation.

108.   As a proximate result of Defendants' gender discrimination, Plaintiff has suffered and continues to suffer severe lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

109.   The conduct of the Defendants was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

<u>COUNT III</u>

110.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 97 of this Complaint, with the same force and effect as if set forth

111.   Defendant Winski, under color of state law, subjected Plaintiff to discriminatory treatment, because of his discriminatory animus directed against Plaintiff on account of her race, forced Plaintiff to work in a hostile environment and retaliated against Plaintiff.

112.   As a result of Defendant Winski's discriminatory conduct, Defendant denied Plaintiff the equal protection of the law, and the full and equal benefits of all laws and proceedings for the security of her employment, because of her race, in violation of the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. § 1983.

113.   As a proximate result of Defendant Winski's actions, Plaintiff suffered and continues to suffer substantial losses, including the loss of past and future earnings, employment opportunities, and other employment benefits.

114.    As a proximate result of Defendant Winski's actions, Plaintiff suffered and continues to suffer impairment and damage to her  good name and reputation.

115.    As a proximate result of Defendant Winski's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

116.    The conduct of the Defendant Winski was outrageous and malicious, was intended to injure Plaintiff, and was done with a conscious disregard of her civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT IV

117.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 97 of this Complaint, with the same force and effect as if set forth

118.    Defendant Winski, under color of state law, subjected Plaintiff to discriminatory treatment, because of his discriminatory animus directed against Plaintiff on account of her gender, forced Plaintiff to work in hostile environment and retaliated against her.

119.    As a result of Defendant Winski's discriminatory conduct, Defendant denied Plaintiff the equal protection of the law, and the full and equal benefits of all laws and proceedings for the security of her employment, because of her gender, in violation of the Fourteenth Amendment of the United States Constitution, and 42 U.S.C. §. 1983.

120.    As a proximate result of Defendant Winski's actions, Plaintiff suffered and

continues to suffer substantial losses, including the loss of past and future earnings,

employment opportunities, and other employment benefits.

121.    As a proximate result of Defendant Winski's actions, Plaintiff suffered and

continues to suffer impairment and damage to her  good name and reputation.

122.    As a proximate result of Defendant Winski's actions, Plaintiff suffered and

continues to suffer severe and lasting embarrassment, humiliation and anguish, and other

incidental and consequential damages and expenses.

123.    The conduct of the Defendant Winski was outrageous and malicious, was

intended to injure Plaintiff, and was done with a conscious disregard of her civil rights,

entitling Plaintiff to an award of punitive damages.

<u>COUNT V</u>

124.    Plaintiff repeats and realleges each and every allegation set forth in

paragraphs 1 through 97 of this Complaint, with the same force and effect as if set forth

125.    Defendant Winski, subjected Plaintiff to disparate treatment based on her race,

retaliated against her and forced her to work in hostile, in violation of NYSHRL.

126.    As a result of the foregoing, Plaintiff has been denied employment.

127.    As a result of the foregoing, Plaintiff has lost wages, benefits, employment

and promotional opportunities.

128.    As a result of the foregoing, Plaintiff has suffered mental anguish, emotional

distress and loss of enjoyment of life. Plaintiff has incurred damages thereby.

COUNT VI

129.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 97 of this Complaint, with the same force and effect as if set forth

130.    Defendants subjected Plaintiff to disparate treatment, based on her gender, forced Plaintiff to work in a hostile environment and retaliated against her, in violation of NYSHRL.

131.    As a result of the foregoing, Plaintiff has been denied employment.

132.    As a result of the foregoing, Plaintiff has lost wages, benefits, employment and promotional opportunities.

133.    As a result of the foregoing, Plaintiff has suffered mental anguish, emotional distress and loss of enjoyment of life.

134.    As a result of the foregoing, Plaintiff has incurred damages thereby.

COUNT VII

135.    Plaintiff  repeats and realleges each and every allegation set forth in paragraphs 1 through 97 of this Complaint, with the same force and effect as if set forth

136.    Defendants subjected Plaintiff to disparate treatment, based on Plaintiff's race, forced Plaintiff to work in hostile environment and retaliated against her violation of NYCHRL.

137.    As a result of the foregoing, Plaintiff has been denied employment.

138.    As a result of the foregoing, Plaintiff has lost wages, benefits, employment

20

and promotional opportunities.

139.    As a result of the foregoing, Plaintiff suffered mental anguish, emotional distress and loss of enjoyment of life.

140.    As a result of the foregoing, Plaintiff incurred damages thereby.


## COUNT VIII

141.    Plaintiff  repeats and realleges each and every allegation set forth in paragraphs 1 through 97 of this Complaint, with the same force and effect as if set forth

142.    Defendants subjected Plaintiff to disparate treatment, based on Plaintiff's gender, created a hostile work environment and retaliated against her in violation of NYCHRL.

143.    As a result of the foregoing, Plaintiff has been denied employment.  Plaintiff has lost wages, benefits, employment and promotional opportunities.

144.    As a result of the foregoing, Plaintiff suffered mental anguish, emotional distress and loss of enjoyment of life.

145.    As a result of the foregoing, Plaintiff incurred damages thereby.


WHEREFORE, Plaintiff prays that this Court grant her judgment containing the following relief:

1.    A declaration that the acts and practices complained of herein are in violation

of 42 U.S.C. §§. 2000e *et seq*., 42 U.S.C. §. 1983,  NY Exec. L. §§ 290 *et seq*., and NYC

Admin. Code §§ 8-101 *et seq*.


2.      An order prohibiting Defendants from denying job benefits and opportunities

to employees on the basis of race and gender.


3.      An award to Plaintiff of actual damages in an amount to be determined at trial

for loss wages, benefits and promotional opportunities, including an award of front pay,

compensating her for loss of future salary and benefits.


4.      An award of damages in an amount to be determined at trial to compensate

Plaintiff for mental anguish, humiliation, embarrassment, and emotional injury.


5.      An award of punitive damages in an amount to be determined at trial.


6.      An order enjoining Defendants from engaging the wrongful acts and practices

complained of herein.


7.      An award of pre-judgment and post-judgment interest.

8.      An award of reasonable attorney's fees and costs of this action.


9.      Award such other and further relief, as this Court may deem just and proper.


Pursuant to Fed. R. Civ. Proc. 38, Plaintiff demands a trial by jury of all issues of fact in this action.


Dated:      New York, New York
            March 4, 2022

                                        LAW OFFICE OF SANDRA D. PARKER


                                        By:/s/ Sandra D. Parker_____
                                            Sandra D. Parker
                                            110 East 59th Street, Suite 3200
                                            New York, NY 10022
                                            (212) 317-2883
                                            Attorney for Plaintiffs
                                            parkefirm@aol.com