```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                     :
   ARABIA JENNINGS,                                                  :
                                                                     :
                                         Plaintiff,                  :   1:22-cv-1885-GHW
                                                                     :
                     -against-                                       :          ORDER
                                                                     :
   CITY OF NEW YORK, POLICE DEPARTMENT                               :
   OF THE CITY OF NEW YORK, and EDWARD                               :
   WINSKI, Individually and in His Official Capacity,                :
                                                                     :
                                         Defendants.                 :
                                                                     :
------------------------------------------------------------------- X
```

```
                                      USDC SDNY
                                      DOCUMENT
                                      ELECTRONICALLY FILED
                                      DOC #: _____
                                      DATE FILED: 3/1/2023
```

GREGORY H. WOODS, United States District Judge:

On January 26, 2023, the Honorable Sarah L. Cave issued a Report and Recommendation (the "R&R") recommending that the Court grant in part and deny in part Defendants' motion to dismiss the complaint. Dkt. No. 23. The R&R describes in detail the facts and procedural history of this case.[1]

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for

---

[1] Capitalized terms used without definition herein have the meaning provided in the R&R.

clear error those parts of the report and recommendation to which no party has timely objected. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); 28 U.S.C. § 636(b)(1)(A).

Plaintiff filed timely objections to the R&R on February 9, 2023 (the "Objections"). Dkt. No. 24. Plaintiff objected to four conclusions in the R&R. Plaintiff objects to "that part of the Report and Recommendation . . . which recommends ruling that . . . the Proposed First Amended Complaint"

(1) does not allege continuing violation with respect to Plaintiff's claims of race and gender discrimination . . . ;

(2) does not allege that certain conduct in which Plaintiff engaged . . . constitute protected activity; [and]

(3) does not allege a causal connection between Plaintiff'[s] protected activity and Defendant's conduct due to the lack of temporal proximity.

Objections at 3. In addition, Plaintiff objects to "that aspect of the R&R which recommends barring Plaintiff from amending the FAC to cure the deficiencies articulated in the R&R . . . ." *Id.* at 4. Defendants filed their response to the Objections on February 21, 2023 (the "Response"). Dkt. No. 25.

The Court has reviewed those aspects of the R&R that were not the subject of any objection for clear error and finds none. *See Braunstein v. Barber*, No. 06-cv-5978, 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record.").

Moreover, the Court has reviewed *de novo* those aspects of the R&R that were the subject of objections. Having reviewed the record, the parties' submissions in connection with the Defendants' motion to dismiss, the R&R, the Objections and the Response, the Court agrees with Judge Cave's thoughtful and well-reasoned analysis and conclusions in full and therefore adopts the

2

R&R in its entirety with one exception—that being Judge Cave's recommendation that Plaintiff be denied leave to amend.

The Court believes that Plaintiff should be granted leave to amend her complaint to address certain of the deficiencies that were identified in the R&R and that have been adopted in this opinion. "It is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

The Court recognizes that Plaintiff had the opportunity to remedy the deficiencies in her complaint through the proposed first amended complaint, which was formulated in response to the motion to dismiss, and was presented to the Court together with her opposition to the motion. But she did not have the benefit of a ruling by the Court at the time that she formulated that proposed amendment. "Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). While a district court may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party[,]" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (citation omitted), the R&R does not rely on those grounds to support the recommendation that Plaintiff be denied leave to amend, and the Court does not conclude that any amendment to the complaint would necessarily be futile with respect to all of the dismissed claims.[2]

For the reasons articulated in the R&R, Defendant's motion to dismiss the complaint is GRANTED in part and DENIED in part as follows: (1) Plaintiff's claims against the NYPD are

---

[2] In her Objections, Plaintiff refers to facts that were not included in the complaint: "a series of separate acts of sexual harassment and sexual assaults committed over a period of years." Objections at 4. The Court cannot conclude that well-pleaded allegations in an amended complaint to that effect would not have an impact on the sufficiency of her claims for gender-based discrimination.

dismissed with prejudice; (2) Plaintiff's (i) Title VII Discrimination and Retaliation Claims predicated on discrete acts occurring before November 22, 2018, (ii) Section 1983, NYSHRL, and NYCHRL Discrimination and Retaliation Claims predicated on discrete acts occurring before March 4, 2019, (iii) the Gender Discrimination and Retaliation Claims, (iv) Race Retaliation Claims based on Protected Activities (1) through (5) and (7) through (9), and (v) Title VII, Section 1983, and NYSHRL Hostile Work Environment Claims are dismissed without prejudice; and (3) Plaintiff's motion to amend is granted in part and denied in part; Plaintiff may amend the complaint to address the deficiencies identified in the R&R.[3] Any amended complaint must be filed no later than 14 days following the date of this order.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 13 and 19.

SO ORDERED.

Dated: March 1, 2023  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge

---

[3] The Court does not anticipate that any amended complaint will take the form of the proposed first amended complaint because—as identified in the R&R—it does not adequately plead several of Plaintiff's claims.