UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ARABIA JENNINGS,

                                   Plaintiff,

        -against-

CITY OF NEW YORK, EDWARD WINSKI,
Individually and in His Official Capacity, and
MARISA CAGGIANO, Individually and in Her
Official Capacity,

                                   Defendants.

------------------------------------------------------------------- X

**PROPOSED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

No. 22-CV-1885 (MMG)(SLC)

      WHEREAS, all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

      WHEREAS, the Parties, through counsel, agree to the following terms;

      WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery;

      WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

      WHEREAS, in light of the foregoing, and based on the representations of the Parties that discovery in this case will involve confidential documents or information, the public disclosure of which would cause harm to the producing person or entity and/or a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause to issue an appropriately tailored confidentiality order governing the pretrial phase of this action;

      IT IS HEREBY ORDERED that any person or entity subject to this Protective Order—including, without limitation, the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, shall adhere to the following terms:

1.      Any person or entity subject to this Protective Order who receives from any other person or entity subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that is designated "Confidential" pursuant to the terms of this Protective Order ("Confidential Discovery Material") shall not

disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person or entity producing any given Discovery Material may designate as confidential only such portion of such material the public disclosure of which is either restricted by law or, in the good-faith judgment of the person or entity disclosing the Discovery Material, would be detrimental to, or interfere with, the person's or entity's protected interests, or the interests of a third party to whom a duty of confidentiality is owed. These protected interests shall include, but not be limited to, any proprietary, governmental, or privacy interest of the producing party, entity or third party and their employees, customers, clients, vendors, agents, or stakeholders, the public at large, as well as any other category of information given confidential status by the Court.

3. Nothing herein shall impose any additional confidentiality obligation upon: (i) information that was or is in the public domain; (ii) information that already was in the possession of the receiving party in the form in which it was produced; (iii) information known to the receiving party through proper means; or (iv) information obtained by a party from a source other than the disclosing party who is or was rightfully in possession of such information on a non-confidential basis.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person, entity or their counsel may designate such portion confidential by clearly marking Confidential the protected portion in a manner that will not interfere with legibility or audibility.

5. With respect to deposition transcripts, a producing person, entity, or their counsel may designate such portion confidential either by (a) indicating on the record during the deposition that a question calls for confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of both question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days of the conclusion of a deposition, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person, entity or their counsel. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated confidential.

6. If at any time prior to the trial of this action, a producing person or entity realizes that some portion(s) of Discovery Material previously produced by the producing person or entity without limitation should be designated confidential, then the producing person or entity may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be, and treated as, confidential under the terms of this Protective Order.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a producing person or entity has designated Discovery Material Confidential, other persons subject to this Protective Order may only disclose such Discovery Material or information contained therein to:

    (a) the Parties to this action, their insurers, and counsel to their insurers;

    (b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system;

    (d) any mediator or arbitrator engaged by the Parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto; as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

    (e) any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action, provided such person has first executed a Non- Disclosure Agreement in the form attached hereto;

    (f) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in

    (g) the form attached hereto;

    (h) stenographers engaged to transcribe depositions conducted in this action; and

    (i) this Court, including any appellate court, and the court reporters and support personnel for the same.

9. Before disclosing any Confidential Discovery Material to any person referenced in subparagraphs 7(c), 7(d), 7(f), or 7(g) above, counsel shall provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form attached hereto stating that the person has read the Protective Order and agrees to be bound by it. Said counsel shall retain each signed Non-Disclosure Agreement, and produce it to opposing counsel upon request.

10. Any Party who objects to any designation of confidentiality may, at any time prior to the trial of this action, serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel

for all Parties shall address their dispute to the Court in accordance with Rule 3.C of this Court's Individual Rules and Practices in Civil Cases.

11. The parties should meet and confer if any production requires a designation "For Attorneys' or Experts' Eyes Only."

12. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereof, and not for any business, commercial, or competitive purpose, or in (or in connection with) any other litigation or proceeding. Nothing in this Protective Order, however, will affect or restrict the rights of any person or entity with respect to their own documents or information produced in this action.

13. Nothing herein will prevent any person or entity subject to this Protective Order from producing any Confidential Discovery Material in its possession in response to a public records request, lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person or entity receiving such a request or process shall provide written notice to the producing person or entity as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure.

14. Notwithstanding the designation of information and documents as Confidential in discovery, there is no presumption that such information or document shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests for filing under seal.

15. Each person who has access to Discovery Material that has been designated Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, the person or party responsible for the unauthorized disclosure must within (5) days of discovering the disclosure bring all pertinent facts relating to such disclosure to the attention of the disclosing party and, without prejudice to any other rights and remedies of the parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material and seek prompt return or destruction of the Confidential Discovery Material from the unauthorized recipient.

16. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, the receiving person shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

17. If, in connection with this litigation, a party discloses information subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege or protection, whether inadvertently or otherwise, ("Disclosed Privileged Information"), such

disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Disclosed Privileged Information and its subject matter. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

18. If a disclosing party makes a claim of Disclosed Privileged Information, the receiving party shall, within five business days, return or destroy all copies of the Disclosed Privileged Information and provide a certification of counsel that all such information has been returned or destroyed.

19. The receiving party may move the Court for an order compelling production of the Disclosed Privileged Information. The Parties shall follow the Court's procedures for requests to file said motion under seal.

20. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Disclosed Privileged Information.

[THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

21. This Protective Order shall survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed. Within 30 days of the final disposition of this action, all Discovery Material designated confidential, and all copies thereof, shall promptly be returned to the producing person. Alternatively, upon permission of the producing person, all Confidential Discovery Material, and all copies thereof, shall be destroyed. In either event, by the 30-day deadline, the recipient must certify the return or destruction of all Confidential Discovery Material, and all copies thereof, by submitting a written certification to the producing Party that affirms that the recipient has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys specifically retained by the Parties for representation in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

Dated: New York, New York

April 18, 2024

LAW OFFICE OF SANDRA D. PARKER
110 East 59th Street, 22nd Floor
New York, New York 10022
212-317-2883

By: /s/ Sandra D. Parker
Sandra D. Parker
Attorney for Plaintiff

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-316
New York, New York 10007
Tel: (212) 356-3522

By: /s/ Elisheva L. Rosen
Elisheva L. Rosen
Assistant Corporation Counsel

SO ORDERED:

April 18, 2024

Date

/s/ Sarah L. Cave
SARAH L. CAVE
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ARABIA JENNINGS,

                                      Plaintiff,      **NON-DISCLOSURE AGREEMENT**

-AGAINST-

                                                              No. 22-CV-1885 (MMG)(SLC)

CITY OF NEW YORK, EDWARD WINSKI,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY, AND MARISA CAGGIANO,
INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY,

                                      Defendants.

---------------------------------------------------------------------- x

        I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated confidential. I agree that I will not disclose such Confidential Discovery Material to anyone except as expressly permitted hereunder, other than for purposes of this litigation, and that at the conclusion of the litigation, I will either return all Confidential Discovery Material to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such Confidential Discovery Material. Furthermore, I will certify to having returned or destroyed all Confidential Discovery Material. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder.

_____                        _____

Date                                                                 Signature