UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARABIA JENNINGS,

                Plaintiff,

   -v-

CITY OF NEW YORK; EDWARD WINSKI, in his official and individual capacities; and MARISA CAGGIANO, in her official and individual capacities,

                Defendants.

CIVIL ACTION NO. 22 Civ. 1885 (MMG) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of (1) Defendants' Letter-Motion to limit the subject matter and length of Plaintiff's anticipated deposition of Lt. Patrick Gordon ("Lt. Gordon") (ECF No. 90 (the "Dec. 5 Letter-Motion")) and (2) Plaintiff's response opposing any such limitations (ECF No. 92). For the reasons stated below, the Dec. 5 Letter-Motion is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

The parties in this action cannot agree on much. Consistent with this, on November 8, 2024, Plaintiff filed a Letter-Motion identifying a host of discovery disputes for the Court's attention, including a dispute arising from Defendants' objections to Plaintiff's Notice of Deposition under Federal Rule of Civil Procedure 30(b)(6). (See ECF No. 80 (the "Nov. 8 Letter-Motion")). In relevant part, Plaintiff proposed asking Defendants' Rule 30(b)(6) witness about "any study, investigation or review of decisions made regarding discretionary salary adjustments and the impact of the discretionary salary adjustments on non-white employees of the New York City Police Department" ("Topic J"). (ECF No. 80-4 at 4). Defendants objected to Topic J, arguing that it was "vague and ambiguous[,]" because it "[sought] information . . . disproportionate to

the needs of the case," and "assume[d] facts neither admitted nor otherwise established." (ECF No. 82-4 at 11).

On November 22, 2024, the Court held a telephonic conference (the "Conference") to discuss the Nov. 8 Letter-Motion. (See ECF min. entry Nov. 22, 2024; ECF No. 88). When asked about Topic J at the Conference, counsel for Plaintiff explained that Lt. Gordon "had undertaken an investigation" and "informed [Plaintiff] that he believed [non-white] employees of the NYPD" had received disparate treatment with respect to discretionary salary adjustments. (ECF No. 88 at 49). Counsel requested that a Rule 30(b)(6) witness—rather than a fact witness—testify regarding Topic J "to bind the City" as to any response. (Id. at 49). Counsel, however, did not have any copy of the study and could not definitively state when the study had occurred. (Id. at 49–51). The Court accordingly found that Plaintiff had not provided sufficient information to compel Defendants to produce a Rule 30(b)(6) witness as to Topic J but stated that Plaintiff's counsel could nevertheless seek to depose Lt. Gordon as a fact witness if she wished. (Id. at 51). Counsel then stated that she did intend to "depose [Lt. Gordon] concerning the report[.]" (Id. at 57).

Following the Conference, the Court issued an order that limited and revised Plaintiff's Rule 30(b)(6) topics. (ECF No. 83). Specifically, the Court declined to require Defendants to prepare a witness to discuss Topics D through J as presented in the Nov. 8 Letter-Motion, finding that the topics were "[not] appropriate for [a] Rule 30(b)(6) [witness]" (ECF No. 88 at 42), were "so broad as to . . . create multiple issues about potentially other people or [issues]" (id. at 43), or had already been adequately addressed through Defendants' production of documents (id. at

2

43, 47). Although the Court did require Defendants to prepare a witness as to Topics A, B, and C, it rewrote those topics so as to appropriately limit their scope. (See id. at 27–39).

On November 25, 2024, counsel for Plaintiff issued a deposition subpoena to Lt. Gordon (see ECF No. 92-1 at 2) and included an exhibit requesting Lt. Gordon produce documents related to Topic J and any communications regarding this lawsuit (id. at 3). The parties promptly quarreled over the timing, length, and scope of the deposition and, as per usual, cannot resolve their dispute without the Court's help. (See ECF Nos. 90, 92 – 92-3). Defendants request that the court "limit Lt. Gordon's deposition to no more than three (3) hours" and that questions target only "the investigation and review of decisions regarding discretionary salary adjustments[,]" citing (1) Plaintiff's representation that she sought to question Lt. Gordon only about that investigation, and (2) Lt. Gordon's representation that he "did not know the Plaintiff, did not conduct any studies regarding purported salary or pay increases and purported disparities across race, and was unaware of any study conducted by the New York City Police Department to that effect." (ECF No. 90 at 1–2). Plaintiff opposes these limitations, arguing that the Federal Rules of Civil Procedure entitle her to conduct a full-length deposition and to seek information "regarding matter[s] relevant to the claims and the defenses in this case." (ECF No. 92 at 3).

## II. LEGAL STANDARD

"[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds," In re Subp. Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003), including through Rule 26(b)(2), which limits the scope of discovery, and Rule 26(c)(1), which provides that, "for good cause," a district court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense[.]" Fed. R. Civ. P.

3

26(c)(1).  As relevant here, Rule 26(c)(1) provides that a court may "limit[] the scope of disclosure or discovery to certain matters[.]"  Fed. R. Civ. P. 26(c)(1)(D).  It follows that district courts also have "broad discretion to set the length of depositions appropriate to the circumstances of the case."  Arista Records LLC v. Lime Group LLC, No. 06 Civ. 5936 (GEL), 2008 WL 1752254 at * 1 (S.D.N.Y. Apr. 16, 2008).  Finally, courts are "more sensitive to the burdens of discovery when they would be placed on third parties," Sahu v. Union Carbide Corp., 262 F.R.D. 308, 317 (S.D.N.Y. 2009), because they "have no personal stake in the litigation," In re Fosamax Prods. Liab. Litig., No. 06 MD 1789, 2009 WL 2395899, at *3 (S.D.N.Y. Aug. 4, 2009).

### III. DISCUSSION

The Court agrees with Defendants that limitations to the length and scope of Lt. Gordon's deposition are appropriate.  At the Conference, Plaintiff identified and discussed Lt. Gordon only insofar as he was relevant to Topic J.  (See ECF No. 88 at 48–51).  After the Court declined to compel Defendants to prepare a witness as to Topic J, Plaintiff stated that she nevertheless intended to depose Lt. Gordon "concerning the report[.]" (Id. at 57).  Moreover, Plaintiff's deposition subpoena limits the scope of any document production to Topic J and communications regarding this lawsuit.  (See ECF No. 92-1 at 3).  For these reasons, and because following the Conference the Court directed Defendants to prepare a Rule 30(b)(6) witness only as to Topics A, B, and C, as revised (see ECF No. 83), any efforts by Plaintiff to ask Lt. Gordon about other topics would be unnecessary and improper.  The Court makes this decision exercising its "broad discretion to manage the manner in which discovery proceeds," In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003).

## IV. CONCLUSION

In accordance with the above, Lt. Gordon's deposition shall be limited to three hours in length, and Plaintiff may inquire only as to (1) Topic J, and (2) Lt. Gordon's communications with Plaintiff regarding her claims of discrimination.

The Clerk of Court is respectfully directed to close ECF No. 90.

Dated:   New York, New York
         December 10, 2024

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

5