UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARABIA JENNINGS,

                Plaintiff,

  -v-

CITY OF NEW YORK; EDWARD WINSKI, in his official and individual capacities; and MARISA CAGGIANO, in her official and individual capacities,

                Defendants.

CIVIL ACTION NO. 22 Civ. 1885 (MMG) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On January 15, 2025, the parties submitted a joint letter regarding fact discovery—which, except for the depositions of Defendants' Rule 30(b)(6) witnesses, closed on December 16, 2024 (ECF Nos. 83; 95 (the "Dec. 13 Order"))—and dispositive motions. (ECF No. 100 (the "Joint Letter")). The Joint Letter sets out three issues about which the parties cannot agree: (1) Defendants' alleged refusal to produce documents described during depositions; (2) Defendants' counsel's alleged direction to a Rule 30(b)(6) witness not to answer a question; and (3) Defendants' alleged production of a Rule 30(b)(6) witness who was not prepared to testify about "certain subjects for the period 2016 to 2017." (ECF No. 100 at 1–3). Although the parties have not yet completed the process of meeting and conferring regarding their unending, petty discovery disputes, the Court provides the following conclusions to the parties to the extent they seek a discovery conference regarding the issues described in the Joint Letter.

1. <u>Defendants' Refusal to Produce Documents</u>

As to Defendants' refusal to search for and produce documents identified by the Rule 30(b)(6) witnesses during their depositions on the ground that "[t]he Court did not permit post EBT discovery – only the depositions themselves[,]" the Court understands Defendants' frustration with Plaintiff's endless document demands, but that is not cause for being obstreperous and unnecessarily delaying this case from progressing. (ECF No. 100-4 at 2). First, Plaintiff's counsel presumably was not aware in advance of the specific documents about which the witnesses testified (ECF Nos. 100-1; 100-2; 100-3), and so could not have requested them at that level of detail any earlier. See <u>Sokol Holdings, Inc. v. BMD Munai, Inc.</u>, No. 05 Civ. 3749 (KMW) (DF), 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009) (explaining that, to satisfy the good cause standard in Fed. R. Civ. P. 16(b)(4), "the party must show that, despite its having exercised diligence, the applicable deadline could not reasonably be met"). Having the witnesses describe or identify documents that fall within Plaintiffs' broader requests for production could be good cause for Plaintiff's counsel making the requests when she did.

Second, while the parties have not provided the Court with deposition excerpts, to the extent that Plaintiff's counsel made the requests on the record during the depositions—which appears to be the case (ECF No. 100 at 1)—and merely memorialized them after the depositions, which took place within the Court's fact discovery deadline, the requests were proper. <u>See</u>, <u>e.g.</u>, <u>Tyson v. St. James Fire Dep't</u>, No. 18 Civ. 6908 (DRH) (AKT), 2021 WL 17394, at *2 (E.D.N.Y. Jan. 2, 2021) ("It is well-settled among district courts within this Circuit that an oral request for documents made during a party deposition need not be followed up with a 'formal' document demand in order to trigger the producing party's obligation to respond."); <u>Kara Holding Corp. v.</u>

Getty Petroleum Mktg., Inc., No. 99 Civ. 275 (RWS), 2002 WL 475125, at *5 (S.D.N.Y. Mar. 28, 2002) (requiring production of documents requested during depositions); Jackson v. Novell, Inc., No. 94 Civ. 3593 (MGC) (AJP), 1995 WL 144802, at *1 (S.D.N.Y. Apr. 3, 1995) (noting that "many lawyers in this District make requests for documents during a deposition when a witness testifies about a document's existence" and enforcing request for documents about which witness testified and counsel requested during deposition).

Third, Defendants inappropriately stretch the language of the Dec. 13 Order, which extended the fact discovery deadline "solely to conduct [the Rule30(b)(6)] depositions" (ECF No. 95), to preclude requests for documents discussed during those depositions, a topic that neither party previously raised and thus the Court could not have precluded. (See ECF No. 100 at 3). Just as Defendants suggest that Plaintiff should have reserved the right to make post-deposition demands, so too could Defendants have asked to preclude any such request, but they did not.

Accordingly, we overrule Defendants' timeliness objection to Plaintiff's post-deposition requests and require the parties to continue to meet and confer to narrow those requests to enable Defendants promptly to search for and produce them, to the extent they exist. We note that Plaintiff's requests are lengthy (ECF Nos. 100-1; 100-2; 100-3), and we doubt that each document listed is essential to Plaintiff's claims just because a witness referenced them.

2. Direction Not to Answer a Question

As to Plaintiff's complaint that Defendants' counsel improperly directed a Rule 30(b)(6) witness not to answer based on attorney-client privilege, the parties have not provided the Court with the relevant excerpt of the witness's testimony. We note, however, that objections on the

3

ground of attorney-client privilege are cognizable, it being Defendants' burden to establish that the privilege applies. See Murata Mfg. Co. v. Bel Fuse Inc., No. M8-85 (JFK), 2007 WL 1174826, at *2 (S.D.N.Y. Apr. 20, 2007). The Court strongly encourages the parties to continue to meet and confer to resolve this issue. The Court is unlikely to grant any request to reopen a deposition to re-ask a single question.

3. Witness's Knowledge and Preparedness

As to Plaintiff's complaint about the "knowledge and preparedness" of Assistant Commissioner Graham-DeCaul, again, without the transcripts a definitive conclusion is difficult, but the Court notes that a Rule 30(b)(6) representative witness need not have personal knowledge and will be deemed sufficient if she prepared and informed herself about the topics. See Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 268 (2d Cir. 1999) (explaining that Rule 30(b)(6) requires production of "someone familiar with that subject"); Rocco v. N.Y. State Ct. Officers Ass'n, No. 23 Civ. 10973 (LJL), 2024 WL 5247686, at *1 (S.D.N.Y. Dec. 30, 2024) (explaining that "Rule 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice[,]" but must "prepare [] so that they may give knowledgeable answers") (citation omitted). If, from the transcript, Assistant Commissioner Graham-DeCaul's testimony is comprehensive and knowledgeable, the Court is unlikely to order that her deposition be reopened.

4. Summary Judgment Briefing Schedule

Finally, as to the parties' request for a briefing schedule for Defendants' anticipated motion for summary judgment, the Court sets the following deadlines:

- Motion: April 16, 2025

4

- Opposition: April 30, 2025

- Reply: May 7, 2025

The parties shall continue to meet and confer regarding the fact discovery issues discussed in this Order and file a joint status letter of no longer than four (4) pages by **Thursday, January 30, 2025.**

Dated:     New York, New York
           January 16, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**